# John D. Bush, plaintiff in error, *vs.* Henry Elson and John Elson, defendants in error.

## *Error to Dubuque.*

A verdict for less than fifty dollars damages, in an action of replevin, in the District Court, does not determine its jurisdiction of the case.

The test of jurisdiction, is the amount claimed in the plaintiff's declaration, and not the amount found to be due, by the verdict of the jury.

The facts of the case are sufficiently stated by defendant's council, and in the opinion of the court.

THOMAS, BERRY & ROGERS, for plaintiff in error.

HEMPSTEAD, for defendants in error:—

The court will observe, that this is an action of replevin, or an action of *tort*. The sum demanded, and not the amount recovered, is the subject which gives the District Court jurisdiction in all actions of tort. 3 Dallas Reports, U. S. S. C., 401 ; 1 Condensed U. S. Reports, 185.

In this action, it will be seen, that the amount of property, specified in the declaration, is sixty dollars, and the damages for the taking of the same are laid at seventy-five dollars, clearly bringing this suit within

the jurisdiction of the District Court. And the court having once taken jurisdiction in this case, could not be ousted of that jurisdiction, by the amount of the verdict recovered.

PER CURIAM, MASON, CHIEF JUSTICE.—The defendants in error, brought an action of replevin against the plaintiff in error, for two yoke of oxen, and claiming in his declaration, damages to the amount of sixty dollars. The jury brought in a verdict for the plaintiff below, of thirty-five dollars. A motion was then made to set aside the verdict, for want of jurisdiction ; the sum recovered being less than fifty dollars. That motion being overruled, the question is brought up for revision here.

The act of 3d February, 1843, gives the District Court jurisdiction where the debt or demand or cause of action shall amount to fifty dollars or upwards, shall the test of jurisdiction be the amount claimed in the declaration or that found due by the verdict ?

We think the question of jurisdiction should be capable of being determined at the beginning, rather than at the termination of the proceedings, and such we presume is the universal practice of courts under similar statutes. We know of no instance where the question of jurisdiction has been made dependent upon the verdict of the jury, but it is always made capable of ascertainment at some preliminary stage of the proceedings. One jury might assess one amount of damages ; another might agree upon a much larger amount. If this case had been sent out of the District Court on account of the verdict being too small, it might at the next trial be sent out of the justice's court for an equally good reason, because the verdict was too large. This would be a very inconvenient rule. As well for this reason, as for that of such a course being in opposition to the general course of practice in like cases, we think the decision of the court below should be sustained.

Judgment affirmed accordingly.